**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PATRICK RYAN JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1698** |
| **TANGIPAHOA PARISH JAIL, ET AL.** | **SECTION: "B"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Patrick Ryan Johnson, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983, claiming that the conditions of his confinement were unconstitutional in numerous respects. In his original complaint, he named the "Tangipahoa Parish Jail" as the sole defendant.[1] The Court then notified him that the jail was not a proper defendant and afforded him an opportunity to file an amended complaint.[2] He thereafter filed an amended complaint naming Daniel Edwards and Heath Martin as defendants.[3]

Most of plaintiff's claims have since been dismissed.[4] The only claims which remain pending are the following official-capacity claims against Sheriff Daniel Edwards and Warden Heath Martin: (1) a claim that inmates are not provided useable writing implements; (2) a claim that trustees are allowed to perform their duties in a manner which exposes inmates to harm; and (3) a claim that inmates are not provided access to books. However, those remaining claims should now be dismissed for want of prosecution for the following reasons.

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 4.
[3] Rec. Doc. 5.
[4] Rec. Docs. 11 and 12; Johnson v. Tangipahoa Parish Jail, Civ. Action No. 21-1698, 2022 WL 1547764 (E.D. La. Apr. 25, 2022), adopted, 2022 WL 1540610 (E.D. La. May 16, 2022).

In September of 2022, the Court issued an order scheduling a preliminary conference in this matter for October 13, 2022.[5]  But, that preliminary conference was subsequently canceled after the Court learned that plaintiff was no longer incarcerated at the Tangipahoa Parish Jail, his address of record.[6]

On November 9, 2022, the undersigned United States Magistrate Judge then issued an Order directing plaintiff to notify the Court of his current address on or before December 1, 2022.[7] That Order was sent to plaintiff both at his address of record and at an alternate address he listed in the complaint:  Patrick Ryan Johnson, 32059 Hickory Field Road, Bush, Louisiana 70431.[8] However, to date, plaintiff has not notified the Court of his current address, and his whereabouts are unknown.

This Court's Local Rules provide:  "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change."  Local Rule 11.1.  It is clear that plaintiff was in fact aware of that obligation, in that both his complaint and his amended complaint included the following declaration:  "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[9]

Additionally, this Court's Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

---

[5] Rec. Doc. 18.
[6] Rec. Doc. 19.
[7] Rec. Doc. 23.
[8] The copy of the Order mailed to plaintiff at the Tangipahoa Parish Jail was returned as undeliverable, Rec. Doc. 24; however, the copy mailed to the alternate address was not returned to the Court by the Postal Service.
[9] Rec. Doc. 1, p. 5; Rec. Doc. 5, p. 6.

Local Rule 41.3.1. More than thirty-five days ago, mail sent to plaintiff at the Tangipahoa Parish Jail, his address of record, was returned as undeliverable by the United States Postal Service.[10]

In light of the foregoing, it is appropriate to dismiss plaintiff's remaining claims for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding pro se, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, mail sent to plaintiff at his address of record was returned as undeliverable, and he has not provided the Court with his current address despite being aware of his obligation to do so. Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to contact him to advance his case on the docket. Accordingly, his remaining claims should be dismissed for failure to prosecute.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's remaining claims be **DISMISSED WITH PREJUDICE** for failure to prosecute.

---

[10] Rec. Docs. 20, 21, and 22. The envelopes had been stamped "RETURN TO SENDER / INMATE NOT HERE."

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 12th day of December, 2022.


**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**